Please identify yourselves for the record and tell us who you represent. Stephen Gentry from the Office of the State Appellate Defender representing Brandon Cole. Assistant State's Attorney John Nowak on behalf of the people. And as I'm sure you know the microphone in front of you is for recording purposes only, not for amplification, so if you could keep your voices up. You're it today, and the three of us are not real strict about time limits, but Mr. Gentry, how much time would you like? I hope to not go over 10 minutes and reserve just a few for the law. No more than 10 minutes, your honors. Well, we'll hold you to that. One side, you don't have to go into the history, meaning, you know, the actual criminal case, just we're interested in the procedural issues. We have read everything. All right, Mr. Gentry. Thank you. As I said, my name is Stephen Gentry from the Office of the State Appellate Defender, representing the appellant, Brandon Cole. This case is back before this court after remand initially ordered by this court based on this court's finding that Mr. Cole's original sentence of two concurrent terms of 20 years was void because it was not authorized by statute. You're saying void, we're saying voidable. This court, when it remanded previously. Did not, I looked in my record, did not say anything. Well, this court. Proceed with the theory that it's possibly voidable. This court cited to People v. Harris. That was me. Cited to People v. Arna, which is the void sentence rule. This, you, just this past November, the only way Supreme Court decided in People v. Castleberry that the void sentence rule is abolished because it's not logically supportable. The void sentence rule had held that a sentence unauthorized by statute was subject to correction on appeal. Well, the void sentence rule meant what it said. It meant it's void because it's contrary to the statute. Castleberry says if a sentence is contrary to the statute, it's a mistake. It's voidable, but it's not void, right? That's correct. Your Honor, what Castleberry left as a remedy to such a situation is not what is before the court today. What Castleberry left as a viable option for the state seeking remedy, or as initially issued in this case, was simply that the state institute a mandamus action. You're saying that the state appealed this case? No, Your Honor. If the state wishes to correct the error of the trial court, the state may file a mandamus action. Why can't a court, in its inherent authority, correct its own mistake? Well, Your Honor, the Illinois Supreme Court has ruled that there's simply no authorization for that under the rules of the court. Let's test a hypothetical. A defendant is sentenced to probation for a non-probationable offense. A few days after the sentence is imposed, the trial court realizes its mistake, calls the parties back in and said, I made a mistake. I cannot sentence this defendant to probation. Would your position be, court can't do that? It's not just my position, it's the position of the Illinois Supreme Court, as they've clearly laid out in Castleberry. Again, counsel, let's go back to my question. That is, in the brief on appeal, the original. It was raised by the defendant, not the state. So therefore, it was corrected by the appellate court, and remanded, and resentenced. Now you can only deal with, from that point on. So now we're in a case within a case. So what are you going to do? Because you don't have the issue of who raised it anymore. It's not a mandamus of issue. It is now resolved, and you are now before us on the only issue that's really before us, and that is consecutive sentencing. And why that is incorrect. So now you've got void and voidable, and you've got case within a case. And you've got concurrent versus, but you've got two separate sentences. So I want to know how you get around the cases that say it should be consecutive. When your issue comes after the judge resentenced. So you're challenging the resentencing. That's correct, Your Honor. That's consecutive sentencing. So that's all that's really before us. So Castleberry does not apply at all. It's irrelevant, because this is a voidable sentence. And secondly, even if a Castleberry applied, it's still the issue in Castleberry was the question of, is there a sentence increase or a sentence decrease? And in this case, since they're separate sentences that have to be imposed, even in your own brief, you admit that. Where are we going? Well, Your Honor, you're touching on a number of different issues in this case. One of them is the fact that we're, whether Castleberry does apply at this stage of the proceedings. As you point out, this case is coming back on resentencing, not from an initial sentence. But the fact that this case was sent back by this court for resentencing meant that this court had not yet rendered a final judgment on. As soon as Judge Kaczmarski rendered his judgment, the final judgment, and then you get the case within a case. Well, Your Honor, I'd like to quote from the only Supreme Court's decision in Ralph v. Board of Education, which said it in People v. Lyles, which was cited in Mr. Cole's brief, which says that the judgment of a court of review is not final if such judgment does not terminate the litigation, but remains the cause to the trial court with directions that a judgment be entered. Which is exactly what happened in this case. So this case is still technically on direct appeal. The state- What about case within a case? As the state has rated? As, it's- Where does that begin then? You're saying it goes all the way back? Well, we're still on direct appeal. We're still on direct appeal with second sentencing. That's correct, but because- Where does it end then? Where does it begin? Your Honor, we are asking that this court order the reinstitution of the initial sentences. Now, the state has not disputed that we're still on direct appeal. What the state is arguing is the law of the case doctrine. That this court previously made a ruling on this issue. And that because of the law of the case, that ruling should stand. Now, the state correctly quotes out, however, that where the Illinois Supreme Court has issued a new decision on the precise point of law on which the initial decision was based, that that is an exception to the law of the case. That's where we are having trouble with your theory. We're saying, one, it's void of all. And it's not an increase in sentence. So tell me that those two things don't stand. Your Honor, it's not just the fact that it's an increase in sentence. It's the fact that this court reversed the prior sentencing order on the basis that it did not comply with statute. You can't remember what I told you that's no longer relevant? Because we're dealing with the sentence that's now imposed. That's a final judgment. I understand what you're saying, Your Honor. I don't want to repeat myself. I just quoted what the Illinois Supreme Court had to say on that. I know, but sometimes, well, all right. The state has mentioned what the law of the case, the exception to the law of the case, where the precise issue is the one which has been reversed. And what we have here is just that very situation. What we have here, and I'm quoting from this court's previous decision, the state may raise such a challenge on the defendant's appeal when the challenge sentence is allegedly illegal and void. And this court goes on to quote Peeble v. Harris, which cites to the void sentence rule. That is the basis on which this court rendered its prior decision. Because the Illinois Supreme Court has reversed that legal basis, that is an exception to the law of the case doctrine, and therefore Peeble v. Cassegary does apply at this stage of the proceeding. So let me ask you, the rule you're advocating in this case would really be a blanket rule that if a trial court makes a sentencing mistake that favors a defendant, it can never be corrected, while a defendant can always challenge a sentencing mistake that prejudices the defendant. Is that the law? That's not the law, Your Honor. The defendant has to have a basis for challenging a sentence. But what I hear you saying, when I asked you about court sentences a defendant to probation for a nonprobationable offense, your position is the court can't correct that. The court is without the power to correct it. And it sounds to me what you're advocating is a blanket rule that says a mistake that benefits a defendant in terms of sentencing can never be corrected. That is not the case, Your Honor. Cassegary is very clear that a sentence that does not conform to statute can be corrected if the State files a mandamus action. No, no, no, no. Wait. No. So you're saying that if a trial judge recognizes his or her mistake before an appeal is filed, the trial judge has to call the parties in and say to the State, I guess you need to file a mandamus because I made a mistake that I cannot correct. I don't get that from Casselberry. Tell me where that is in Casselberry. The State in Casselberry had argued People v. Scott, as the State here had initially done so. But Casselberry specifically states, and Scott refers to the inherent authority of the court to correct these types of errors, which I think is what you're alluding to, Your Honor. And what Casselberry says is that Scott does not stand for the notion that the appellate court may increase a criminal sentence if it requested the State. But that kind of jumps to the is this an increase. I'm talking about a court's inherent authority to correct a mistake. That both sides recognize is a mistake. If a statute says an offense is nonprobationable, the court can't give the defendant probation. Your Honor, the court derives its authority from the Supreme Court rules, from the Supreme Court precedent, and there's simply, the State has not cited any authority that remains after Casselberry that could justify the court adhering to this prior ruling based on a point of law that has clearly been overruled by the Illinois Supreme Court just a few weeks ago. Unless this court has any other questions for the reasons that I've argued this morning and those in the briefs, Mr. Cole asked this court to reverse its prior order, remanding for resentencing, reverse the order entered on resentencing, and order the reimposition of the initial sentence of two 20-year concurrent terms.  Thank you. May it please the court. Once again, Your Honors, Assistant State's Attorney John Noack, on behalf of the people. Your Honors, Casselberry does not apply in this case because the only order before this court is the order of defendant being sentenced to consecutive sentences. That is the only order before this court, as this court has recognized. This is not an issue of Casselberry. Casselberry did away with the void sentence rule. There is no argument about an illegal avoid sentence at this point. Defendant, the only order he's appealing, are the order of consecutive sentences. In 2010, this court had jurisdiction, personal jurisdiction, subject matter jurisdiction, when it vacated that sentence, the concurrent sentences, and remanded it to the circuit court. The circuit court, in turn, had personal jurisdiction over the defendant, and subject matter jurisdiction would impose the statutorily mandated consecutive sentences. That's the only order before this court. What defendant is arguing here would result in an absurdity. Think about what he's arguing. He is asking this court to vacate an order that he knows, the parties agree, and this court knows to be correct, that is the statutorily mandated consecutive sentences. He's asking this court to vacate that and substitute in its place what this court knows to be incorrect, and that is unlawful, unauthorized, concurrent sentences. The people are aware of no case in this state, Your Honor, in which a reviewing court has knowingly, intentionally vacated a correct order and intentionally substituted it with an order that it knows to be incorrect. So, we have a question of first impression in front of us, then? Well, certainly, it would be in that sense, Your Honor, because it goes against every tenet of judicial review, of appellate review, to vacate a correct order that this court knows to be correct, and the defendant concedes is correct. He was required to be sentenced to consecutive sentences, and that is the only order before this court, Your Honors. Well, what if any constraints are there in a situation like this, where the court originally determined, for reasons stated on the record, that a period of 20 years incarceration was sufficient punishment for both offenses of which the defendant was convicted, to be conserved concurrently at 85 percent? Then, we need to re-sentence the defendant. Then, let's say instead of 15-year concurrent sentences, which the state argues 15 is less than 20, it's not an increase, what if the court said two 25-year consecutive sentences? Is there a problem there? Yes, Your Honors, because that would be an increase, and that would be by increasing each sentence from 20 years to 25 years, that would violate Pierce v. North Carolina. Now, if you're the guy in jail, when you get the second set of sentences, that's more time, isn't it? It is, Your Honors, but for 100 years in Illinois, the Illinois Supreme Court has been clear that consecutive sentences are not to be aggregated. The court has held that repeatedly. In one of the more recent cases, Peoples v. Carney, the Illinois Supreme Court said the following, quote, consecutive sentences do not constitute a single sentence and cannot be combined as though they were one sentence for one offense. End quote. It went on to say that each conviction results in a discrete sentence that must be treated individually. The Illinois Supreme Court had a strange citation for this. The oldest case dated to Peoples v. Elliott in 1916. So the rule in Illinois for 100 years has been that consecutive sentences are not to be aggregated. They are to be considered individually. So defendant's proposed aggregate sentence is capped. He hasn't talked about an oral argument, but your question lays into it. It contradicts 100 years of Illinois Supreme Court precedent. And specifically here, to your hypothetical, Justice Mason, this defendant, of course, on remand, his sentences weren't changed from 20 years to 25. Each conviction, each sentence was reduced from 20 years to 15 years. And the Illinois Supreme Court has ruled on this precise point. In Peoples v. Moore, the court held, quote, consecutive sentences are not treated as a single sentence under Pierce. End quote. That is the end of this case, Your Honors. The Illinois Supreme Court has ruled on this directly. As Moore said, went on to say, it would be illogical and an unreasonable interpretation of prior precedent in statutory law to treat consecutive sentences as one sentence. That is why here, Your Honors, defendant was originally sentenced to 20 years for each conviction. On remand, he was sentenced to 15 years. That is a reduction. There is no violation of Pierce. 100 years of Illinois Supreme Court precedent supports the position of this. It's a reduction for everybody but the guy in jail. Your Honors, it may be the total is higher, but for 100 years, the Illinois Supreme Court says that's irrelevant. Each sentence is treated individually. And this court must follow 100 years of Illinois Supreme Court precedent and the particular point in Moore that consecutive sentences are not treated as a single sentence under Pierce. So, Your Honors, just to back up, back to Justice Mason's question to opposing counsel as far as what the trial court could do if it recognized a few days later whether it could correct it. Of course it could. If the defendant hasn't filed a notice of appeal at that point, the court still has jurisdiction and would be able to correct that. For these reasons, Your Honors, Cassavetter does not apply. The only order before this court is consecutive sentences, and the sentences were decreased, not increased. For these reasons and those in our briefs, we have this court affirm defendant's sentences. Thank you. Mr. Gentry. When this court previously remanded this case for re-sentencing, it did not remand this case for the imposition of arrest or sentence. What this court remanded for was the changing of the sentence from concurrent to consecutive. So this court was not in compliance with Cassavetter just because arguably a lower number of sentences per each count was entered. Cassavetter does not allow for this order that was previously entered. The state has mentioned, and this court has mentioned, the inherent authority of the court to correct prior orders that were obviously incorrect. And that's what, in a different sense, Mr. Cohen is asking for here, that this court correct its prior order, which relied on the void sentence rule, which has now been overruled. Let me ask you a question. Let's say what you asked for can't happen. Okay? So the alternative, what are we to do? Meaning you can't have the concurrent sentences, and we're not going to give you a ballpark limit. Those don't happen under the law. So what's your third alternative? Your Honor, the alternative argument is the argument that was initially the first argument in the brief, but the state did allude to this question of whether sentences are considered in the aggregate or as separate sentences. And the state is correct that the line of cases in Illinois does lean towards the separate consideration. 1960. That was an education since 1960. You remember that case, don't you? Ah, man, that is low-hanging fruit. And it done been picked. You got your money's worth today. That's up for it. He'll get me. Thank you. Much as it is the fact that Illinois has tended to that side, it's also true that nationwide the opposite has been the case, as is apparent from the cases cited in Mr. Cohen's brief. And what I would point out about the cases in Illinois is that People v. Moore, the case cited by the state, was a situation where consecutive sentences were turned into a concurrent sentence, and the overall aggregate sentence did not increase. And so this was a situation where the defendant, arguing before the court, was not advocating the same interests at stake here, where the actual term of view has increased. What about Sanders? Sanders is the same situation. It did not address the situation in effect here. Sanders was an Apprendi case. It did not involve a case of this nature. So what we have here, however, unlike in Moore and these other cases, is the exact interests that North Carolina v. Pierce sought to address, which is the actual chilling effect on defendants of raising a sentencing issue. And the reality is there's no chilling effect to the change on a piece of paper of the number of years per count when the out date doesn't reflect that. So because the cases here in Illinois have not addressed the chilling effect present and made relevant in Pierce, Mr. Cole requests that this court reconsider, or at the very least that he preserve this issue. All right. Thank you very much. Thank you. Thank you for your arguments today, for excellent briefs. We will take the case under advisement. Thank you.